STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT
CIVIL DIVISION

**DANIEL MCGOUGH**,
**Plaintiff**,
v.
**RICHARD GADWELL**,
**Defendant**.

**Case No.:**
**Judge:**

Case: 2:24−cv−12821
Assigned To : Michelson, Laurie J.
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 10/23/2024
Description: CMP MCGOUGH v GADWELL (JP)

---

**COMPLAINT FOR BREACH OF OPERATING AGREEMENT, BREACH OF FIDUCIARY DUTY, FRAUDULENT DISSOLUTION, WRONGFUL TERMINATION, AND SPECIFIC PERFORMANCE**

**I, Daniel McGough** (hereinafter "Plaintiff"), representing myself in this matter, hereby file this complaint against **Richard Gadwell** (hereinafter "Defendant"), and allege as follows:

**I. PARTIES**

1. Plaintiff, **Daniel McGough**, is an individual now domisciling in Wayne County, Michigan, and is a former member and employee of **Touch of Class Valet, LLC**, a Michigan limited liability company.

2. Defendant, **Richard Gadwell**, is an individual residing in Wayne County, Michigan, and is a former managing member of **Touch of Class Valet, LLC**.

**II. JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to **MCL 600.601** as the claims involve matters exceeding $25,000, and the dispute concerns a Michigan limited liability company operating in Wayne County, Michigan.

4. Venue is proper in this Court pursuant to **MCL 600.1621**, as the events giving rise to the claims occurred in Wayne County, Michigan, where both Plaintiff and Defendant reside and conduct business.

**III. GENERAL ALLEGATIONS**

5. **Touch of Class Valet, LLC** was a Michigan limited liability company that provided valet services in Wayne County, Michigan. Both Plaintiff and Defendant were members of the LLC, with **Roger Chapman** being another co-owner.

6. In or around **September 2018**, Plaintiff legally acquired **300 shares (30% membership interest)** in the LLC from **Roger Chapman** pursuant to a **Membership Interest Purchase Agreement** (the "Purchase Agreement").

7. Defendant, **Richard Gadwell**, was notified of this sale and provided a **60-day right of first refusal**, as required by the **Operating Agreement of Touch of Class Valet, LLC** (the "Operating Agreement").

8. Defendant failed to exercise his right of first refusal within the stipulated time, and the sale was completed in accordance with the Purchase Agreement.

9. Despite Plaintiff's lawful acquisition of the shares, Defendant **refused to recognize** Plaintiff's ownership interest and has actively interfered with Plaintiff's rights as a 30% member of the LLC.

10. In an effort to evade Plaintiff's lawful ownership, Defendant **unilaterally dissolved the LLC** without proper notice or consent from Plaintiff and subsequently formed a **new LLC** in the same line of business, intending to exclude Plaintiff from his rightful ownership and profits.

11. Defendant also retaliated against Plaintiff by **terminating his employment** with the LLC, an act directly tied to Plaintiff's assertion of his rights as a co-owner.

12. These actions represent a breach of the Operating Agreement, a breach of fiduciary duties owed to Plaintiff, and wrongful retaliation under Michigan law.

## IV. CAUSES OF ACTION

### Count I: Breach of Operating Agreement

13. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth herein.

14. The **Operating Agreement** of Touch of Class Valet, LLC clearly provides that a member must be given a **60-day right of first refusal** to purchase shares before a third-party sale is finalized.

15. Plaintiff complied with all terms of the Purchase Agreement and properly provided notice to Defendant of the sale of Roger Chapman's 30% membership interest.

16. Defendant failed to exercise his right of first refusal and, therefore, the sale was completed in accordance with the terms of the Operating Agreement.

17. Despite this, Defendant **refused to recognize Plaintiff's ownership** of the 30% membership interest, which constitutes a **breach of the Operating Agreement**.

18. As a result of Defendant's breach, Plaintiff has suffered financial losses, including lost ownership rights and lost profits from the operation of the LLC.

**Count II: Fraudulent Dissolution**

19. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20. After refusing to recognize Plaintiff's ownership interest, Defendant **dissolved Touch of Class Valet, LLC** without proper notice or consent from Plaintiff.

21. Defendant then formed a **new LLC** in the same business, with the intent to deprive Plaintiff of his ownership and financial interest in the business.

22. This dissolution was conducted **in bad faith** and constitutes a **fraudulent dissolution** under Michigan law.

23. As a result of Defendant's fraudulent dissolution, Plaintiff has been denied the benefits of his rightful ownership interest and has suffered substantial financial harm.

**Count III: Breach of Fiduciary Duty**

24. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. As a managing member of the LLC, Defendant owed Plaintiff a **fiduciary duty of loyalty, good faith, and fair dealing**.

26. By dissolving the LLC in bad faith and refusing to recognize Plaintiff's ownership, Defendant acted **in his own self-interest**, breaching his fiduciary duty to Plaintiff.

27. Defendant's actions were intended to **exclude Plaintiff** from the LLC and its profits, and were taken to **fraudulently benefit Defendant at Plaintiff's expense**.

28. As a direct result of Defendant's breach of fiduciary duty, Plaintiff has suffered substantial financial losses and damage to his business interests.

**Count IV: Wrongful Termination (Retaliation)**

29. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30. Following Plaintiff's lawful acquisition of ownership in the LLC, Defendant **terminated Plaintiff's employment** in retaliation for asserting his legal rights as a 30% owner.

31. This termination was motivated by Defendant's intent to **punish Plaintiff** for exercising his rights under the Operating Agreement and Michigan law.

32. Defendant's actions constitute **wrongful termination and retaliation** under Michigan employment law.

33. As a direct result of Defendant's retaliatory termination, Plaintiff has suffered lost wages, emotional distress, and harm to his professional reputation.

**Count V: Specific Performance**

34. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff is entitled to specific performance of the **Membership Interest Purchase Agreement** and the **Operating Agreement**, compelling Defendant to recognize Plaintiff's 30% ownership in Touch of Class Valet, LLC.

36. Plaintiff requests that the Court **restore Plaintiff's ownership rights** or, in the alternative, order compensatory damages to reflect the fair market value of Plaintiff's membership interest.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. **Specific performance** of the Purchase Agreement and Operating Agreement, recognizing Plaintiff's rightful ownership of **30% membership interest** in Touch of Class Valet, LLC;

2. **Compensatory damages** in an amount to be determined at trial for Plaintiff's lost ownership interest, lost profits, and other financial losses caused by Defendant's actions;

3. **Punitive damages** for Defendant's willful and fraudulent conduct in dissolving the LLC and excluding Plaintiff from the business;

4. **Reinstatement of Plaintiff's employment** with back pay, or, in the alternative, damages for wrongful termination and emotional distress;

5. **Attorney's fees and costs** incurred in pursuing this action, as provided by the Operating Agreement and Michigan law;

6. Any other relief this Court deems just and proper.

**Respectfully Submitted,**

*Daniel Ryan McGough*

/s/ Daniel Ryan McGough, man
P.O. Box 970081
Ypsilanti, MI 00000
dryan616@icloud.com

**Exhibits to Attach:**

1. **Membership Interest Purchase Agreement** between Plaintiff and Roger Chapman.

2. **Operating Agreement of Touch of Class Valet, LLC**.

3. **Correspondence** between Plaintiff, Defendant, and Roger Chapman regarding the sale and transfer of ownership.

4. **Documents** showing dissolution of the LLC and formation of a new LLC by Defendant.

5. **Employment records** and termination letter to demonstrate retaliation.

**Filing Notes:**

- **Where to File**: Wayne County Circuit Court (Civil Division).
    - File the complaint with the **clerk of the court**, ensuring that all necessary filing fees are paid.

- **Jurisdiction**: This court has **subject matter jurisdiction** over civil disputes involving breaches of contract, business torts, and wrongful termination where the amount in controversy exceeds $25,000.